
FILED
APR 0 7 2014
Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| In re:<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC, et al.,<br><br>       Debtors.<br><br>TIMOTHY L. BLIXSETH,<br><br>       Appellant/Cross-Appellee,<br><br>vs.<br><br>BRIAN A. GLASSER, AS SUCCESSOR TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>       Appellee/Cross-Appellant. | No. CV-12-83-BU-SEH<br><br><br>Adversary No. 09-00014<br>Bankruptcy No. 08-61570-11-RBK<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

This matter is before the Court on cross appeals taken from the bankruptcy

court's Second Amended Judgment of December 5, 2012, awarding judgment in favor of Marc S. Kirschner, Trustee of the Yellowstone Club Liquidating Trust ("YCLT"), against Timothy L. Blixseth ("Blixseth") of $40,992,210.81.[1]

Blixseth asserts the judgment against him should be vacated. YCLT claims judgment of $286,379,053.00 should have been awarded.[2]

The appeal was set for hearing and oral argument by Order of March 25, 2014.[3] Appellant's counsel did not appear. The Court convened the hearing at 10:13 a.m. after confirming that counsel had not appeared at the courthouse or checked in for the hearing and had provided no explanation for the nonappearance.

Appellant, by non-appearance, has forfeited hearing and argument on the appeal. The matter is submitted for decision on the briefs and filings of record.

## BACKGROUND

The ongoing saga of the Yellowstone Club bankruptcy starting in 2008 is

---

[1] *See* Memorandum of Decision, *Blixseth v. Kirschner*, AP 09-00014, 2012 WL 6043282 (Bankr. D. Mont. Dec. 5, 2012)("December 5, 2012, MOD"); (Doc. 1-4.)

[2] This appeal was stayed under 11 U.S.C. § 362 by notice of automatic stay filed January 10, 2013. (Doc. 4.); *See In re Blixseth*, 484 B.R. 360 (B.A.P. 9th Cir. 2012)(reversing the U.S. Bankruptcy Court for the District of Nevada's dismissal of the bankruptcy proceedings). The stay was lifted on September 11, 2013. (Doc. 15.)

[3] (Doc. 51.) Appellants present counsel of record appeared by Notice of Substitution filed February 27, 2014. (Doc. 50.)

arguably one for the record books. Published decisions and opinions addressing the multitude of issues litigated and decided within the case occupy literally hundreds of pages of text.[4]

The Ninth Circuit's recent opinion in *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215 (9th Cir. 2014), provides an excellent synopsis of significant components of the case's history:

> Blixseth and his ex-wife founded Yellowstone Mountain Club, a ski and golf resort built on the twin pillars of luxury and exclusivity. A haven for the ultra-wealthy, Yellowstone offers "Private Powder": over 2,200 acres of skiable terrain available only to club members and their invited guests. See Yellowstone Club, Ski, http://goo.gl/tfWQ5n. It was at one point the only private ski area in the world. See In re BLX Group, Inc., 419 B.R. 457, 460 (Bankr. D. Mont. 2009). In 2005, Yellowstone borrowed $342 million. Id. at 461. The same day, over $200 million of this money was "disbursed by Blixseth to various personal accounts and payoffs benefitting Blixseth and [his ex-wife] personally." Id. Unsurprisingly, Yellowstone eventually

---

[4] *See, e.g., Credit Suisse v. Official Comm. of Unsecured Creditors*, 415 B.R. 769 (Bankr. D. Mont. 2009); *Blixseth v. Kirschner*, 436 B.R. 598 (Bankr. D. Mont. 2010)("August 16, 2010, MOD"); *Blixseth v. Yellowstone Mountain Club, LLC*, CV-09-47-BU-SEH, 2010 WL 4371368 (D. Mont. 2010); *In re Yellowstone Mountain Club, LLC*, 460 B.R. 254 (Bankr. D. Mont. 2011); *In re Yellowstone Mountain Club, LLC*, 08-61570-11, 2011 WL 3813161 (Bankr. D. Mont. 2011); *In re Yellowstone Mountain Club, LLC*, CV-11-73-BU-SEH, 2012 WL 5838437 (D. Mont. 2012); *In re Yellowstone Mountain Club, LLC*, 08-61570-11, 2012 WL 2921012 (Bankr. D. Mont. 2012); *In re Yellowstone Mountain Club, LLC*, 08-61570-11, 2013 WL 1099155 (Bankr. D. Mont. 2013); *In re Yellowstone Mountain Club, LLC*, 08-61570-11, 2013 WL 6536805 (Bankr. D. Mont. 2013); *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215 (9th Cir. 2014); *In re Yellowstone Mountain Club, LLC*, 08-61570-11, 2014 WL 1016007 (Bankr. D. Mont. 2014).

filed for bankruptcy.

> Blixseth objected to the proposed bankruptcy settlement plan (the Plan), arguing that his ex-wife and others were the cause of Yellowstone's financial problems. See In re Yellowstone Mountain Club, LLC, 436 B.R. 598, 641-44 (Bankr. D. Mont. 2010), amended in part by In re Yellowstone Mountain Club, LLC, No. 08-61570-11, 2010 WL 3504210 (Bankr. D. Mont. Sept. 7, 2010). The bankruptcy court disagreed. It found that Blixseth had misappropriated Yellowstone's cash and property for his personal use and that his fraudulent intent in doing so "could not be more clear." Id. at 657-64. The bankruptcy court entered a $40 million judgment against Blixseth–the amount the court determined was necessary to pay off certain classes of creditors. Id. at 679. The district court reversed on narrow grounds, directing the bankruptcy court to give proper notice to the affected parties and further refine an exculpation clause in the Plan. See generally Blixseth v. Yellowstone Mountain Club, LLC, No. CV 09-47, 2010 WL 4371368 (D. Mont. Nov. 2, 2010).

*Blixseth*, 742 F.3d at 1218 (footnote omitted).

The judgment against Blixseth was first entered on August 16, 2010.[3] It was amended on September 7, 2010.[4] After further proceedings, including efforts

---

[3] *See* August 16, 2010, MOD; (Doc. 17-7.)

[4] The September 7, 2010, amendment followed further briefing. *See* Memorandum of Decision, *Blixseth v. Kirschner*, AP 09-00014, 2010 WL 3504210 (Bankr. D. Mont. 2010 Sept. 7, 2010)("September 7, 2010, MOD"); (Doc. 17-8.)

4

to disqualify the presiding Bankruptcy Judge,[5] to reopen discovery, and to amend the judgment, the judgment was again amended on December 5, 2012.[6]

## ISSUES

Blixseth's brief asserts, with startling disarray and confusion, in excess of forty claims of error, wrongdoing, or inappropriate conduct by the bankruptcy court and others as bases for challenging the judgment.[7] Many arguments reference matters that are beyond the record or that are distortions of the record. Others attempt to reassert or to inject issues into this case already finally decided in other litigation related to the bankruptcy. Such efforts at diversion, unfortunately, have been common to Blixseth's tactics in matters throughout the pendency of bankruptcy.

The substantive issues raised by the appeal are, in point of fact, two in number:

1. Did the bankruptcy court have jurisdiction to enter the final judgment

---

[5] The disqualification question was put to rest by the Ninth Circuit in *Blixseth*, 742 F.3d at 1222.

[6] This appealed judgment it is to "be read in conjunction with the now vacated Partial & Interim Order entered May 13, 2009, . . . and the Memoranda of Decision entered June 11, 2009, . . .; August 16, 2010, . . .; September 7, 2010, . . .; and March 12, 2012." December 5, 2012, MOD at *2; (Doc. 1-4 at 3-4.)

[7] If subparts of arguments are included, the number of claims of error rises to over fifty.

5

of $40,992,210.81 against Blixseth?

2. Is the judgment supported by the record?

The answer to each issue is "yes."

## **JURISDICTION**

This court has appellate jurisdiction to review final orders of the bankruptcy court under 28 U.S.C. § 158(a).[8] The appeals are timely.

## **DISCUSSION**

### **Jurisdiction/Final Order**

A bankruptcy court plainly has authority to enter final orders, including judgments, in matters within its jurisdiction.[9] Blixseth became a party to this adversary proceeding by intervention upon his request.[10] He agreed to the bankruptcy court's jurisdiction and fully participated in the proceedings through entry of final judgment.[11] He has no basis to now assert lack of jurisdiction. Any

---

[8] Final order status of the Second Amended Judgment of December 5, 2012, is addressed under Jurisdiction/Final Order below.

[9] District Courts may refer "any or all cases under title 11 and any or all proceedings arising under title 11 . . . to the bankruptcy judges for the district." 28 U.S.C. § 157(a) (2012). Bankruptcy judges are permitted to enter "appropriate orders and judgments." 28 U.S.C. § 157(b)(1).

[10] *See* Complaint in Intervention, *Blixseth v. Kirschner*, AP 09-00014-BU-RBK, Doc. 28-1 (Bankr. D. Mont. Mar. 16, 2009); (Doc. 38-1 at 18.)

[11] The Bankruptcy court determined "Blixseth appeared quite content litigating matters" to the Bankruptcy court and "Blixseth's actions up to August 16, 2010, constitute[d] implied or

claim of lack of jurisdiction purportedly grounded in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), is at odds with the clear doctrine of implied consent to jurisdiction recognized and approved in *Stern* and subsequently reemphasized by the Ninth Circuit.[12]

## Record Support of Judgment

Upon review, a bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."[13] A "finding of fact is clearly erroneous [only] if it is "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'"[14]

Opinions and orders from the bankruptcy court in the adversary proceeding

---

informal consent to this Court's authority to render a final decision under *Stern v. Marshall* and *Bellingham*." December 5, 2012, MOD, at *7-8; (Doc. 1-4 at 13.)

[12] "'[T]he consequences of a litigant sandbagging the court -- remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor -- can be . . . severe.' Having lost before the bankruptcy court,[a party] cannot assert a right it never thought to pursue when it still believed it might win." *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 570 (9th Cir. 2012) *cert. granted*, 133 S. Ct. 2880 (2013)(citation omitted)(citing *Stern*, 131 S. Ct. at 2609 (2011)(internal quotation marks, alterations, and citations omitted).

[13] Fed. R. Bankr. P. 8013.

[14] *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010)(citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)(citation omitted).

7

alone, directed to the claims giving rise to the judgment on appeal, exceed 232 pages.[15] Those writings, when considered and read together from the standpoint of totality of circumstances, disclose a record, compiled in meticulous and careful detail, of relevant case background and history, findings of fact, legal analysis and decision-making process.

Judge Kirscher's careful compilation and reports of the myriad of events surrounding the Yellowstone Club's bankruptcy are not and could not be subject to meaningful challenge. Factual determinations cannot be said to be clearly erroneous. Findings grounded in whole or in part in credibility of witnesses were certainly justified. Tactics of some witnesses and some counsel, which were at best ill advised, and, more realistically, deliberately misleading, plainly added to the court's tasks and frustrations in addressing the issues before it.

As noted above, many of the arguments now advanced in this appeal by Blixseth plainly cannot withstand scrutiny on the facts or under established principles of law. For example, the bankruptcy court did not inappropriately rely

---

[15] *See, e.g., Blixseth v. Kirschner*, AP 09-00014, (Bankr. D. Mont.), Partial & Interim Order, May 13, 2009, Doc. 289; Memorandum of Decision, June 11, 2009, Doc. 292; August 16, 2010, MOD, Doc. 575; September 7, 2010, MOD, Doc. 580; Order, December 13, 2011, Doc. 682; Memorandum of Decision, March 12, 2012, Doc. 701; December 5, 2012, MOD, Doc. 712.

on evidence outside the record.[16] Blixseth's breach of fiduciary duties and his inappropriate and fraudulent manipulations of corporations he controlled to his personal benefit were amply demonstrated.[17] Fraudulent transfers were appropriately set aside.[18] The California divorce settlement between Blixseth and his wife did not bar the Trustee's claims.[19] The Trustee's claims were not barred by statutes of limitations.[20] No useful purpose would be served by further individualized review and discussion of each of the plethora of meritless arguments in the briefs, many of which mirror a continuation of delay and diversion tactics employed earlier in the litigation.

## CONCLUSION

The bankruptcy court had jurisdiction to hear and decide the case. Blixseth was represented at every stage of the proceedings by an array of counsel.[21] The

---

[16] *See, e.g.,* December 5, 2012, MOD at *8-9; (Doc. 1-4 at 15.)

[17] *See* August 16, 2010, MOD at 668-71; (Doc. 17-7 at 117-21.)

[18] *See* August 16, 2010, MOD at 655-68; (Doc. 17-7 at 93-117.)

[19] "As such, this Court concludes that nothing that occurred in the Blixseth divorce proceeding is binding upon the Debtors." August 16, 2010, MOD at 662; (Doc. 17-7 at 105.)

[20] *See* August 16, 2010, MOD at 649-52; (Doc. 17-7 at 82-87.)

[21] *See, e.g.,* Thomas A. Banducci, Esq.; Benjamin A. Schwartzman, Esq.; Wade L. Woodard, Esq.; Brent Bastian, Esq.; Jennifer Schrack Dempsey, Esq.; Michael J. Flynn, Esq.; Philip H. Stillman, Esq.; Joseph M. Grant, Esq.; Joel E. Guthals, Esq.; and Patrick T. Fox, Esq.

bankruptcy court, notwithstanding an unwarranted attack by Blixseth upon the Judge personally, accorded him error-free due process.

## **ORDER**

Blixseth's request to vacate the judgment of December 5, 2012, is DENIED. The December 5, 2012, judgment of the Bankruptcy Court is AFFIRMED.

DATED this 7th day of April, 2014.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge